Emily A. Danchuk, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
Telephone: (207) 747-4135

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANDARD FABRICS INT'L, INC., a California Corporation,<br><br>Plaintiff,<br><br>-against-<br><br>YM, INC, a Canadian Corporation; YM LLC USA, a New Jersey Limited Liability Company; SUNRISE DESIGN 29, INC., a New York Corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff STANDARD FABRICS INTERNATIONAL, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff STANDARD FABRICS INTERNATIONAL, INC., ("Standard") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles.

5. Plaintiff is informed and believes and thereon alleges that Defendant YM, INC. ("YM") is a Corporation organized and existing under the laws of Canada and is doing business in and with the state of New York.

6. Plaintiff is informed and believes and thereon alleges that Defendant YM LLC USA ("YM LLC") is a limited liability company organized and existing under the laws of the State of New Jersey, and is doing business in and with the State of New York.

7. Plaintiff is informed and believes and thereon alleges that Defendant SUNRISE DESIGN 29, INC. ("SUNRISE") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

8. Plaintiff is informed and believes and thereon alleges that some Defendants, DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Defendants, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments incorporating textile designs featuring Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 8701

11. Standard owns an original textile design it refers to as 8701 (the "Subject Design A"). This textile design was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

12. Standard applied for and received a United States Copyright Registration covering the Subject Design A prior to the commencement of this Action.

13. Prior to the acts complained of herein, Plaintiff sampled and sold textiles bearing the Subject Design A to numerous parties in the fashion and apparel industries.

14. Following this distribution, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design A, and were selling textile garments bearing illegal reproductions and/or derivations of the Subject Design A.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, YM, YM LLC and SUNRISE and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed garments incorporating textiles that incorporate designs that are identical to or substantially similar to the Subject Design A ("Infringing Garment A"). Such Infringing Garments A were sold in commerce by YM, YM LLC and SUNRISE under, *inter alia*, Item Nos. SR 04984845.

16. Below are true and correct images of the Subject Design A (left column) and a close-up view of a certain exemplar of Infringing Garment A (right column):

| Subject Design A | Infringing Garment A Exemplar |
| --- | --- |
|  |  |

17. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a textile design similar to the Subject Design A.

18. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs marketed and sold by Defendants, and each of them, are at least substantially similar to the Subject Design A.

**<u>CLAIMS RELATED TO DESIGN NO. 7428</u>**

19. Standard owns an original textile design it refers to as 7428 (the "Subject Design B"). This textile design was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

20. Standard applied for and received a United States Copyright Registration covering the Subject Design B prior to the commencement of this Action.

21. Prior to the acts complained of herein, Plaintiff sampled and sold textiles bearing the Subject Design B to numerous parties in the fashion and apparel industries.

22. Following this distribution, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design B, and were selling textile garments bearing illegal reproductions and/or derivations of the Subject Design B.

23. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, YM and YM LLC and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed garments incorporating textiles that incorporate designs that are identical to or substantially similar to the Subject Design B ("Infringing Garment B"). Such Infringing Garments B were sold in commerce by YM and YM LLC under, *inter alia*, Item Nos. UK2LA 50546456.

24. Below are true and correct images of the Subject Design B (left column) and a close-up view of a certain exemplar of Infringing Garment B (right column):

| Subject Design B | Infringing Garment B Exemplar |
|---|---|
|  |  |

25. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a textile design similar to the Subject Design B.

26. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs marketed and sold by Defendants, and each of them, are at least substantially similar to the Subject Design B.

## **CLAIMS RELATED TO DESIGN NO. 8912**

27. Standard owns an original textile design it refers to as 8912 (the "Subject Design C"). This textile design was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

28. Standard applied for and received a United States Copyright Registration covering the Subject Design C prior to the commencement of this Action.

29. Prior to the acts complained of herein, Plaintiff sampled and sold textiles bearing the Subject Design C to numerous parties in the fashion and apparel industries.

30. Following this distribution, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design C, and were selling textile garments bearing illegal reproductions and/or derivations of the Subject Design C.

31. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, YM and YM LLC and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed garments incorporating textiles that incorporate designs that are identical to or substantially similar to the Subject Design C ("Infringing Garment C"). Such Infringing Garments C were sold in commerce by YM and YM LLC under, *inter alia*, Item Nos. UK2LA 50816552.

32. Below are true and correct images of the Subject Design C (left column) and a close-up view of a certain exemplar of Infringing Garment C (right column):

| Subject Design C | Infringing Garment C Exemplar |
|---|---|
|  |  |

33. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a textile design similar to the Subject Design C.

34. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs marketed and sold by Defendants, and each of them, are at least substantially similar to the Subject Design C.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

35. Standard repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

36. Standard is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Standard's showroom and/or design library; (b) access to illegally distributed copies of the designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas textile companies; (c) access to Standard's samples, and (d) garments manufactured and sold to the public bearing textiles lawfully incorporating Standard's designs.

37. Standard is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Standard is further informed and believes and thereon alleges that said Defendants have an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that was identical or substantially similar to the Subject Designs.

38. Standard is informed and believes and thereon alleges that Defendants, and each of them, infringed Standard's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling textiles and garments which infringe Standard's rights in the Subject Designs through a network of retail stores, catalogs, and on-line outlets.

39. Due to Defendants' acts of infringement, Standard has suffered substantial damages to its business in an amount to be established at trial.

40. Due to Defendants' acts of infringement, Standard has suffered general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Standard is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

42. Standard is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

43. Standard repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

44. Standard is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

45. Standard is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

46. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Standard has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

47. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Standard is entitled to disgorgement of

Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

48. Standard is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Standard prays for judgment as follows:

### Against All Defendants

49. With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Standard's copyrights in any manner, specifically those for the Subject Designs;

b. That Standard be awarded all profits of Defendants plus all losses of Standard, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, et seq.;

c. That Standard be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, et seq.;

d. That Standard be awarded pre-judgment interest as allowed by law;

e. That Standard be awarded the costs of this action; and

f. That Standard be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: June 13, 2018 By: ______________________

Emily A. Danchuk, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff Standard Fabrics Int'l, Inc.